# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RUTH RIVERA,<br><br>          Appellant,<br><br>          v.<br><br>OFFICE OF PERSONNEL<br>     MANAGEMENT,<br>          Agency. | DOCKET NUMBER<br>NY-831M-15-0136-I-1<br><br><br><br>DATE: September 28, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ruth Rivera, New York, New York, pro se.

Kristine Prentice, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In this appeal, the appellant challenged a reconsideration decision issued by the Office of Personnel Management (OPM) regarding an alleged overpayment of her discontinued service annuity following her reemployment by the Internal Revenue Service (IRS). Initial Appeal File (IAF), Tab 1. OPM subsequently rescinded its reconsideration decision and moved for the administrative judge to dismiss the appeal. IAF, Tab 10. The administrative judge granted OPM's motion and dismissed the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID).

¶3    In her timely-filed petition for review, the appellant challenges the administrative judge's statement that she failed to submit a reply to OPM's claim that it had refunded the amount it had withheld from her annuity. Petition for Review (PFR) File, Tab 1 at 1; *see* IAF, Tab 15; ID at 2. The appellant claims that she submitted a reply to OPM's response, and she includes a copy, as well as U.S. Postal Service tracking documents indicating that her reply was delivered to the regional office on July 6, 2015, 1 day before the administrative judge issued her initial decision. PFR File, Tab 1 at 1, 4-7. OPM responds in opposition to the appellant's petition for review. PFR File, Tab 4.

¶4　　　　Although it appears that the regional office may have received the appellant's reply to OPM's response to the administrative judge's June 23, 2015 order, and the appellant's submission indicates that OPM stopped offsetting the appellant's annuity and refunded the $100.10 it had deducted so far,[2] it is not pertinent to the jurisdictional issue as it does not address OPM's rescission of its reconsideration decision.  PFR File, Tab 1 at 4-5.  Whether OPM had refunded the amount it had withheld from the appellant's annuity does not change the fact that it rescinded its reconsideration decision.  IAF, Tab 10; ID at 1.  If OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed.  *E.g.*, *Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶ 8 (2010).  In its motion to rescind, OPM asserts that once the appeal is dismissed, it will review the overpayment, IAF, Tab 10 at 4, and presumably issue a new reconsideration decision, from which the appellant may appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[2] The appellant also alleges that OPM has not reimbursed the amounts withheld from her annuity between June 1, 2012, and April 30, 2014, following her reemployment with the IRS.  PFR File, Tab 1 at 5; *see* IAF, Tab 12 at 1-2.  She also asserts that both OPM and the Department of the Treasury are trying to collect the overpayment and are using different amounts.  *Id.*; *see* IAF, Tab 12 at 1-2, Tab 9 at 3.  Nevertheless, for the reasons cited above, in the absence of a final reconsideration decision from OPM, the Board is without jurisdiction to hear this appeal.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.